IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 7:17-cr-00001 |
| | ) | |
| DOUGLAS B. PHILLIPS, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Defendant Douglas B. Phillips moves to dismiss the indictments against him, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* Compliance with the Speedy Trial Act in this case depends upon the interplay between and application of two excludable periods under the Act—one period for a delay resulting from mental competency evaluations, 18 U.S.C. § 3161(h)(1)(A), and the other period for delays resulting from transportation "to and from places of examination" where time in excess of ten days is presumed to be unreasonable, 18 U.S.C. § 3161(h)(1)(F). For the following reasons, the court will grant Phillips's motion (Dkt. No. 86) and dismiss the indictments against him without prejudice.

I. BACKGROUND

On January 12, 2017, a grand jury indicted Phillips on one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2250. (Dkt. No. 19.) That offense became Count 1 in a superseding indictment issued by the same grand jury. (Dkt. No. 30.) Count 2 of the superseding indictment charged Phillips with possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*Id.*) On March 7, 2017, Phillips made his initial appearance on the superseding indictment. (Dkt. No. 36.) At the appearance, Phillips moved for a psychiatric examination, and Magistrate Judge Ballou ordered the United States Marshal Service

(USMS) to transport Phillips to a federal facility for a mental health evaluation. (*Id.*)

The Bureau of Prisons (BOP) designated the Federal Correctional Institution at Butner, North Carolina (Butner) as the facility for the evaluation. Marshal Sellers, Acting Marshal for the Western District of Virginia, testified that the standard operating procedure for transporting a defendant from Roanoke to Butner involves a number of steps (including flights to Oklahoma City and to Butner) and travel to locations outside of Virginia and North Carolina, rather than a direct route to Butner. Phillips arrived at Butner on March 23, 2017. (Dkt. No. 39.) The Warden at Butner requested additional time to evaluate Phillips, and the court granted an extension. (*Id.*)

On June 9, 2017, the Warden sent Judge Ballou a letter, copying counsel for the government and Phillips, attaching the evaluation report and explaining that the USMS had been contacted to return Phillips to the Western District of Virginia. (Def.'s Ex. 1, Dkt. No. 96-1.) An employee at Butner sent a facsimile dated June 13, 2017, to a USMS satellite office. (Gov't Ex. 1, Dkt. No. 96-2.) The facsimile stated that Phillips was ready to be picked up from Butner and was stamped as received by the USMS in Roanoke, Virginia, on August 9, 2017. (*Id.*) The government represents that Phillips arrived in the Western District of Virginia on August 16, 2017. (Gov't Reply 13 n.4, Dkt. No. 93.)

On August 28, 2017, Judge Ballou held a competency hearing and found Phillips competent to stand trial. (Dkt. No. 43.) Several continuances and excludable periods of time followed, but no one challenges those exclusions of time. This case was eventually transferred to the undersigned judge, and new counsel was appointed for Phillips.

One week before trial, on April 2, 2018, Phillips moved to dismiss the indictments against him under the Speedy Trial Act, arguing that the government took an unreasonable

amount of time to transport him from Butner following his competency evaluation. (Dkt. No. 86.) The court ordered that the government respond and held a hearing on the motion on April 6, 2018. The government concedes that Count 1 has not been brought within the time period required under the Speedy Trial Act, but argues that Count 2 is still timely because the government's delay in transporting Phillips to and from Butner resulted from reasonable institutional delays. (Gov't Reply 13 & n.4, 16–17.) The government further requests that any dismissal of either count be without prejudice. (*Id.* at 22.)

## II.  DISCUSSION

Because the government has conceded that Count 1 violates the Speedy Trial Act, the two remaining issues are: (1) whether Count 2 violates the Speedy Trial Act, and (2) whether to dismiss Count 1 or all indictments with or without prejudice.

### A.  Count 2

The Speedy Trial Act provides that the trial of a defendant must commence within 70 days of the filing of an indictment or a defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). In calculating the 70-day period, the court may exclude certain delays.

At issue in this case are the following two excludable periods:

> (A) delay[s] resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant; [and]
> . . .
> (F) delay[s] resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable[.]

*Id.* § 3161(h)(1). The delay in transporting Phillips to Butner was 6 days in excess of the 10-day

3

limit in (h)(1)(F), and the delay in transporting Phillips from Butner to the Western District of Virginia was at least 50 days in excess of the 10-day limit.[1]  Phillips does not challenge the delay in transporting him to Butner, so the court interprets this to mean that he agrees that any delay in transporting him to Butner overcomes the presumption of unreasonableness.  In any event, all parties agree that the delay in return, if deemed unreasonable, results in a violation of the Speedy Trial Act with regard to Count 2.

At least one circuit has determined that (h)(1)(A) eclipses (h)(1)(F), and therefore a delay, whether reasonable or not, of several months in transporting a defendant for a competency evaluation is excludable under (h)(1)(A).  *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990).  The United States Court of Appeals for the Ninth Circuit appears to have adopted this approach in an unpublished opinion.  *United States v. Tewid*, 86 F. App'x 224 (9th Cir. 2003).  However, three other circuits have held that (h)(1)(F) limits (h)(1)(A), ruling that "any time over 10 days spent transporting the defendant to his psychiatric examination is considered unreasonable and should not be excluded."  *United States v. Castle*, 906 F.2d 134, 137 (5th Cir. 1990); *see United States v. Noone*, 913 F.2d 20, 25 n.5 (1st Cir. 1990); *United States v. Turner*, 602 F.3d 778, 782 (6th Cir. 2010).  The United States Court of Appeals for the Fourth Circuit has not defined the relationship between (h)(1)(A) and (h)(1)(F).

In this case, the government does not advocate for either approach, but argues that, even under the approach taken by the First, Fifth, and Sixth Circuits, the government has not exceeded the 70-day period for Count 2 because it can overcome the presumption of unreasonableness.[2]

---

[1] The court observes that courts disagree over whether to exclude weekends and holidays when counting the 10-day period.  The court declines to resolve this issue as it is not dispositive in this case.

[2] The government also argued that § 3161(h)(1)(F) does not apply because there was no court order requiring his transfer back from Butner.  The court does not find, however, that the excludable period could be extended indefinitely just for lack of an order when a return of the prisoner is clearly contemplated.  *See, e.g., United*

The court finds the approach taken by the First, Fifth, and Sixth Circuits to be persuasive because the opposite reading would render the reference to examination or hospitalization in (h)(1)(F) "mere surplusage." *Noone*, 913 F.2d at 25 n.5. "The only way to avoid conflict" between (h)(1)(A) and (h)(1)(F) "is to read § 3161(h)(1)(F) as a specific exception to the general rule announced in § 3161(h)(1)(A), imposing a presumptive limit of ten days for transportation on the otherwise unlimited time for competency hearings." *Turner*, 602 F.3d at 782 (internal quotation marks omitted).

Under (h)(1)(F), the government argues that the entire delay in transporting Phillips to and from Butner is excludable under the Speedy Trial Act because it resulted from reasonable institutional delay that overcomes the presumption of unreasonableness in (h)(1)(F). The government offered the testimony of Marshal Sellers regarding the many steps required to transport a prisoner to a facility for a mental health evaluation and the delay caused by a facsimile being sent to a USMS satellite office rather than to the main office in this district. The persons who facilitate prisoner transport are not in the expansion office, and the USMS had strived to ensure that BOP did not use the expansion office number. Nonetheless, it was used in this case, and Marshal Sellers can only testify that the facsimile notifying USMS of the need to transport Phillips was stamped received, per usual practice, and acted upon on August 9, 2017.

However, such "ordinary institutionalized delay is not an excuse." *Noone*, 913 F.2d at 26 (alteration and internal quotation marks omitted). Instead, the government must show "some extraordinary event" that prevented compliance with the Speedy Trial Act. *Castle*, 906 F.2d at 138 (internal quotation marks omitted). Delays resulting from the USMS using fixed routes to transport prisoners do not constitute extraordinary events. *See id.* at 136–37. Nor do delays

---

*States v. Garrett*, 45 F.3d 1135, 1139–40 (7th Cir. 1995) (if no order, then date defendant was authorized for transport controls).

caused by miscommunications between the BOP and a USMS office regarding the transportation of a prisoner. *See id.*; *United States v. Clifton*, 756 F. Supp. 2d 773, 777, 780 (S.D. Miss. 2010) (recognizing that a delay caused by a facsimile purportedly sent but not received by a USMS office is not sufficient to rebut the presumption of unreasonableness in (h)(1)(F)). Thus, the court concludes that the government cannot rebut the presumption of unreasonableness in this case and the delay in transporting Phillips from Butner is not excludable from the 70-day period under the Speedy Trial Act.

Under these circumstances, the government concedes that the Speedy Trial Act has been violated with respect to Count 2 as well as Count 1. (Gov't Reply 17.) Thus, the indictments against Phillips must be dismissed. 18 U.S.C. § 3162(a)(2).

**B. Dismissal With or Without Prejudice**

The Speedy Trial Act provides that "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2); *see United States v. Myers*, 666 F.3d 402, 406 (6th Cir. 2012). The decision whether to dismiss an indictment with or without prejudice under § 3162(a)(2) is left "to the guided discretion of the district court."[3] *United States v. Taylor*, 487 U.S. 326, 335 (1988). Neither type of dismissal "serve[s] as the presumptive remedy for a Speedy Trial Act violation." *Id.* at 334.

In this case, the court finds that each of the three factors listed in § 3162(a)(2) weighs in favor of dismissal without prejudice. First, both Counts 1 and 2 involve serious offenses. Courts

---

[3] Phillips argues for "strict liability," mandatory dismissal with prejudice in other words, for any violation, but that is simply not the law.

6

have regularly found possession of a firearm by a convicted felon and related charges to be serious. *See United States v. Eltahir*, No. 1:16-cr-170, 2016 WL 5400420, at *2 (M.D.N.C. Sept. 27, 2016) (collecting cases). The court also finds that failing to register as a sex offender is a serious offense because of the "'gravity of the crime.'" *See Clifton*, 756 F. Supp. 2d at 780 (quoting *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994)). This offense implicates society's important interest in regulating the conduct of convicted sex offenders, and is therefore a serious offense. Having determined that this case involves serious offenses, the court finds that the first § 3162(a)(2) factor weighs in favor of dismissal without prejudice. *See Eltahir*, 2016 WL 5400420, at *2.

Second, the facts and circumstances of this case evidence an unintentional violation by the government. "An important part of the 'facts and circumstances' inquiry is whether the Government has engaged in a 'pattern of neglect,' or, in contrast, whether the violation represents an 'isolated unwitting violation.'" *United States v. Wright*, 6 F.3d 811, 814 (D.C. Cir. 1993) (quoting *Taylor*, 487 U.S. at 339). In this case, Phillips has presented no evidence that the government has engaged in a pattern of neglect. Instead, he agrees that there was no ill will or neglect by any person in the government. The testimony of Marshal Sellers also indicates that this case involves an unwitting violation, resulting from a facsimile mistakenly being sent to a USMS satellite office. Once the main USMS office in Roanoke became aware of the need to transport Phillips to Roanoke, the transport occurred within a reasonable period. Moreover, the court recognizes that the speedy trial clock in this case involved an unusual number of stops and starts to account for the appointment of three attorneys, multiple continuances, a competency evaluation, and a failed change of plea hearing. The defendant requested all but perhaps one of those events, which complicated the calculation of the speedy trial period. In light of the

difficulties in transporting Phillips to Roanoke and the complications with the speedy trial calculations, the court finds that the facts and circumstances of this case weigh in favor of dismissal without prejudice.

Third, the court considers the impact of reprosecution. This factor often implicates the prejudice suffered by the defendant. *See, e.g., Taylor*, 487 U.S. at 334; *Wright*, 6 F.3d at 816. The court acknowledges that the defendant suffered real prejudice in being incarcerated for longer than he should have been. However, the delay has not been exceptionally lengthy, and Phillips did not raise the Speedy Trial Act violation as an issue until the eve of trial. *See United States v. Sykes*, 614 F.3d 303, 310 (7th Cir. 2010). Moreover, the defendant has not identified any specific prejudice to him such as a witness or evidence that has become unavailable because of the delay in prosecuting him. *Cf. Wright*, 6 F.3d at 815 (recognizing that "the defense was not hampered by the delay"). Instead, this case involves an unwitting violation by the government and serious allegations against a defendant who has suffered relatively little prejudice from the delay in bringing him to trial. The administration of justice will be served by permitting the government to reprosecute Phillips.

In sum, the court finds that all of the relevant factors weigh in favor of dismissal without prejudice. In making this finding, the court recognizes that "[d]ismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." *Taylor*, 487 U.S. at 342. Thus, in light of the factors under § 3162(a)(2), the court concludes that dismissal without prejudice is appropriate in this case.

III. CONCLUSION

For the stated reasons, the court concludes that Phillips has not been prosecuted within

the time proscribed by the Speedy Trial Act. The court will GRANT Phillips's motion to dismiss (Dkt. No. 86). All other pending motions will be DENIED as moot, and the court will DISMISS WITHOUT PREJUDICE the indictments against Phillips. The Clerk is directed to send copies of this memorandum opinion and accompanying order to all counsel of record and to the United States Marshal Service

Entered: April 19, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge